CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Heather H. Crossman </br></br>and</br></br>Pusssycat Partea Politic,</br></br>Plaintiffs,</br></br>v.</br></br>Becky</br></br>and</br></br>EPA of Newport News,</br></br>Defendants. | Civil Action No. 5:25-cv-00073 |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs' application for leave to proceed *in forma pauperis* (Dkt. 2). The court will grant the application and dismiss Plaintiffs' complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

**I.    Background**

Plaintiffs are residents of Harrisonburg, Virginia. (Compl. at 1 (Dkt. 1).) On July 18, 2025, they filed a complaint in this court against "Becky—Administrative Head of EPA" and "EPA of Newport News + Hampton." (*Id.* at 2.) The factual allegations in the complaint are handwritten and difficult to follow. Plaintiffs appear to state that one or more churches in the City of Newport News, Virginia, provide shelter, food, and transport for homeless persons

for part of the year. (*Id.* at 4.) They claim that "Becky," an EPA official, issued verbal and written warnings to one church's pastor directing the church to stop providing those services. (*Id.* at 4–5.) According to Plaintiffs, Becky threatened the pastor with "the worst lawsuit you ever saw from the EPA" if the church did not make the sheltered persons "leave by June 30th." (*Id.* at 5.)

Plaintiffs indicate that they were among those required to leave the church. (*Id.*) They state that they had to move to a parking lot, but that Becky made them leave that location as well. (*Id.*) They allege that Becky also harassed people in the area with drug charges, even though Plaintiffs did not see any drugs. (*Id.*)

Plaintiffs allege violations of "Amendment VI especially X," which the court construes as a claim under the Sixth and Tenth Amendments of the United States Constitution. (*Id.* at 2.) It is unclear exactly what forms of relief Plaintiffs seek, but they appear to ask to return to the church and also mention "[f]inancial loss." (*Id.* at 3.)

## II. Analysis

The court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The standards for reviewing a complaint under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When reviewing a complaint, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  But to state a claim, the plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The court liberally construes pleadings filed by a *pro se* party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority."  *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).  That said, liberal construction "does not transform the court into an advocate" for *pro se* parties.  *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).  *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure.  *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Plaintiffs' complaint falls well short of stating any claim for relief for violations of the Sixth and Tenth Amendments.  The Sixth Amendment guarantees certain rights to accused persons in criminal prosecutions.  *See* U.S. Const. amend. VI.  The complaint does not suggest that Plaintiffs are being prosecuted for any criminal offense, and the Sixth Amendment is irrelevant to the alleged incidents involving "Becky." The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the

States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Plaintiffs make no attempt to explain why they believe Defendants have violated the Tenth Amendment, so that claim also fails as a matter of law.

Because Plaintiffs do not state any claim for relief, the court will dismiss their complaint without prejudice under § 1915(e)(2)(B)(ii). The court will grant Plaintiffs leave to file an amended complaint that corrects the shortcomings of their original complaint. If Plaintiffs wish to continue pursuing this case, they must file an amended complaint that (1) identifies all legal claims they intend to allege, (2) identifies the defendant(s) against whom each legal claim is alleged, and (3) alleges facts that plausibly support each claim. The court advises Plaintiffs that it may dismiss this action with prejudice if they fail to file an amended complaint within 21 days of the date of this Memorandum Opinion and Order, or if they file an amended complaint that fails to meet the standards outlined in this paragraph.

### IV.     Conclusion and Order

For the reasons set forth above, Plaintiffs' application for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**, and the complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs are **GRANTED** leave to file an amended complaint no later than 21 days after the date of this Memorandum Opinion and Order.

**ENTERED** this __6th__ day of August, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE