IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
09/02/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| Heather H. Crossman ) | |
| ) | |
| and ) | |
| ) | |
| Pusssycat Partea Politic, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00073 |
| ) | |
| Becky ) | |
| ) | |
| and ) | |
| ) | |
| EPA of Newport News, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on initial review of Plaintiffs' amended complaint under 28 U.S.C. § 1915. For the reasons that follow, the court will dismiss the amended complaint under § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

### I. Background

Plaintiffs, proceeding *pro se*, filed their original complaint in this court on July 18, 2025. (Compl. (Dkt. 1).) Plaintiffs also filed an application for leave to proceed *in forma pauperis*. (Dkt. 2.) On August 6, 2025, the court granted their *in forma pauperis* application, conducted an initial review of their complaint under 28 U.S.C. § 1915, and dismissed the complaint under § 1915(e)(2)(B)(ii) because it failed to state any plausible claim for relief. (Dkt. 3.) The court

granted Plaintiffs leave to amend their complaint, and Plaintiffs filed an amended complaint on August 27, 2025. (Am. Compl. (Dkt. 6).)

The amended complaint adds some detail to the factual allegations in the original complaint. Crossman is a homeless resident of Harrisonburg, Virginia. (*Id.* at 3; *see* Compl. at 1.) She and other individuals, who were parishioners at the Generations Assembly of God Church, received permission to reside on church property for an affordable rate. (Am. Compl. at 3.) According to Plaintiffs, "Becky of the EPA" ordered Crossman and other residents to move out of the church property. (*Id.* at 4.) Becky threatened the pastor with "the worst lawsuit you ever experienced" if the church did not direct them to leave. (*Id.*) Crossman and others then began staying in a store parking lot, but Becky ordered law enforcement to evict them from that property as well. (*Id.*) Crossman has sought assistance from multiple local and state officials and agencies following the evictions. (*See id.* at 7–8.)

The amended complaint alleges a single cause of action for a violation of the Free Exercise Clause of the First Amendment to the United States Constitution. (*Id.* at 2.)

## II.    Analysis

The court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the complaint "pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* When reviewing a complaint, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). But to state a claim, the plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). The court liberally construes pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. "[A] plaintiff may carry the burden of proving a free exercise violation in various ways, including by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022). A government policy is not neutral when "it is specifically directed at religious practice." *Id.* at 526 (cleaned up). A government policy is not generally applicable when it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Id.* (cleaned up). If a plaintiff can show that a government action either is not neutral or not generally applicable, the burden shifts to the government to show that its action "was justified by a compelling state interest and was narrowly tailored in pursuit of that interest." *Id.* at 525.

Even when construed liberally, the sparse allegations in Plaintiffs' amended complaint do not state a plausible free exercise claim. For one, the alleged facts do not draw any connection between Crossman's residence on the church property and her religious practice,

other than noting that she was a parishioner of the church. As a result, there is no indication that Crossman's eviction from the property burdened her religious practice in any way. In addition, the amended complaint does not allege any facts that suggest Becky, when evicting Crossman from the church property or the parking lot, was applying a policy that was not neutral or not generally applicable.

### III. Conclusion

For the reasons stated above, the court will **DISMISS** Plaintiffs' amended complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.

**ENTERED** this 2nd day of September, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE